UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| 2014 DODGE DURANGO, | § | |
| VIN No. 1C4SDJCT8EC977899, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

### Nature of the Action

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(4) and 18 U.S.C. § 981(a)(1)(B)(i).

### Defendant Vehicle

2. The Defendant is a 2014 Dodge Durango, VIN No. 1C4SDJCT8EC977899 (the "Defendant Vehicle").

3. Law enforcement seized the Defendant Vehicle in Houston, Texas on or about January 17, 2019. The Defendant Vehicle is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

### Jurisdiction and Venue

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), 1395, and/or 21 U.S.C. § 881(j).

Statutory Basis for Forfeiture

6. The Defendant Vehicle is subject to forfeiture under 21 U.S.C. § 881(a)(4), which provides for the forfeiture of conveyances, including vehicles, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

Factual Basis

7. From January 15 to January 17, 2019, Texas Department of Public Safety (DPS) Special Agent Rick Salinas observed text messages and a face-to-face meeting between a confidential informant (CI) and Carlos Penaloza-Cardenas concerning a purchase of narcotics to take place on or about January 17, 2019.

8. On January 17, 2019, the CI received a text message from Penaloza-Cardenas directing the CI to a Houston residential address where the purchase was to take place.  Penaloza-Cardenas then called the CI and told him that the source of the narcotics had car trouble and could not deliver to the residential address texted.  Penaloza-Cardenas told the CI that Penaloza-Cardenas needed to pick up the narcotics.

9. DPS Special Agents were already at the Houston residential address conducting surveillance.  Agents observed Penaloza-Cardenas leave the residence and get into the Defendant Vehicle on the passenger side.  The Defendant Vehicle was being driven by a Hispanic male later identified as Epifanio Cabrera-Huato, the registered owner of the Defendant Vehicle.

10. Agents observed the Defendant Vehicle drive north and stop in a parking lot next to a gold-colored Hyundai Accent (the "Source Vehicle").  Cabrera-Huato existed the Defendant Vehicle and entered the Source Vehicle on the passenger side.  Cabrera-Huato then exited the Source Vehicle and re-entered the Defendant Vehicle through the driver's door.  Both the Defendant

Vehicle (driven by Cabrera-Huato) and the Source Vehicle departed the parking lot.

11. Agents observed the Defendant Vehicle and Source Vehicle travel in tandem to a trailer park and stop in front of a trailer ("Trailer #43b"). The Defendant Vehicle stayed at Trailer #43b while the Source Vehicle traveled to another trailer ("Trailer #40").

12. Agents observed the driver of the Source Vehicle enter Trailer #40. Agents observed the driver of the Source Vehicle then re-enter the Source Vehicle, which traveled back to Trailer #43b. Agents observed the driver of the Source Vehicle exit the Source Vehicle and stand at the driver's side window of the Defendant Vehicle.

13. Around this time, agents learned from the CI that Penaloza-Cardenas had told the CI that Penaloza-Cardenas had picked up the narcotics and was headed back to the residential address.

14. Houston Police Department (HPD) marked patrol units followed the Defendant Vehicle as it left the trailer park. Officers conducted a traffic stop on the Defendant Vehicle and made contact with the driver, Cabrera-Huato, who did not possess a current driver's license but was identified by his Mexican identification card. Officers arrested Cabrera-Huato for driving without a driver's license.

15. The officers also made contact with the passenger in the Defendant Vehicle, Penaloza-Cardenas, and observed a red-colored bag on the floorboard near his feet. Penaloza-Cardenas gave consent to search the bag when officers asked for consent to search the bag. Although Penaloza-Cardenas gave consent to search the bag, he denied owning the bag. Cabrera-Huato also denied owning the bag.

16. When officers searched the red-colored bag recovered from the floorboard of the Defendant Vehicle, they discovered two (2) clear plastic bags containing a clear shard-like substance suspected to be methamphetamine. Officers seized the 2 clear plastic bags and the red-

colored bag in which they were found and submitted them to the HPD Crime Laboratory for testing.

17. A Houston Forensic Science laboratory report dated January 31, 2019 confirms that the contents of the 2 clear plastic bags weighed 1991.05 grams and contained methamphetamine.

18. There is reason to believe that the Defendant Vehicle was used, and intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

## Conclusion

19. The Defendant Vehicle is subject to forfeiture under 21 U.S.C. § 881(a)(4) since it was used, and intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

## Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

The United States will serve notice, along with a copy of the Complaint, on the property owners and on any other persons who reasonably appear to be potential claimants.

Requested Relief

Wherefore, the United States of America requests that a judgment of forfeiture be entered against the Defendant Vehicle and in favor of the United States of America under 21 U.S.C. § 881(a)(4) and 18 U.S.C. § 981(a)(1)(B)(i) in addition to such costs and other relief to which the United States may be entitled.

                                              Respectfully submitted,

                                              RYAN K. PATRICK
                                              United States Attorney

By:    s/ Stephanie Bauman
        Stephanie Bauman
        Assistant United States Attorney
        State Bar No.: 24055344
        Federal Bar No.: 705181
        1000 Louisiana, Suite 2300
        Houston, TX 77002
        (713) 567-9419

## VERIFICATION

I, Alfred L. Parker II, a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on the 10th day of July, 2019.

_____
Alfred L. Parker II